The opinion of the Court was delivered by
Colcock, J.
The points which are presented for determination, are, 1st, whether the defendants were entitled to costs; and 2d, if so, how they are to recover them. It cannot be questioned at this day, that a defendant is entitled to his costs, both by the statute and common law, but it seems to- be contended on the part of the plaintiff, that the defendants in this particular case, have lost their right to recover them. It is said' that by the rules of our own Court, where there is no established rales of practice,[1] the rules of Westminster shall govern, and that by those rules, the defendants were bound to serve a rule to declare, in order to entitle themselves to a judgment of non-pros. And 1 Sellon, 221 and 361, was referred to, 8 Elizabeth, *cbap. 2 [2] 13 Charles 2, st. ch, 2, sec. 3,[3] in support of the second position, where it is said, that the defendant may not be subject to the caprice of the plaintiff, the courts have fixed a certain time, at which plaintiff must declare, and that if he fail to do so, judgment of non-pros, maybe entered; and that a rule must be given to declare, at the end of the second term,5 and not after, and further, that giving rules to declare, and calling for declaration, are as necessary in giving judgment of non-pros, as giving rules to plead and. calling for pleas are, before signing judgment by default. But these are the proceedings to be had where the defendant goes before the prothonotary to obtain his judgment of non-pros, according.to the regular order of pleading, (1 Sellon’s Prac. 359.) It does not follow because they have omitted to enter up their judgment at the regular time and according to the prescribed modes of pleading, that they are therefore to lose their costs entirely; a party to pleadings may have day given him by application to the. Court, and this leads to the determination of the second nonsuit. Before, however, I consider that, I will premise that the application in such technical language, should have been for leave to enter up the judgment of non-pros, and not of nonsuit. Where the plaintiff fails to-take any step required bylaw, before issue joined, the judgment is of non-pros. He has failed to prosecute his suit. But if *25 issue be joined, the suit is prosecuted, and should the plaintiff afterwards fail to support his action, or not answer when called on to receive the verdict of the jury, he is said to be nonsuited. It is the invariable practice, however, both of our own Courts and those of England, upon notice to the opposite party and motion to the court, to obtain leave to enter up judgment nunc pro tunc. Where the plaintiff obtains a judgment by default, or a verdict, and fails to proceed according to the regular rules of pleading, he may afterwards, upon notice, obtain the leave of the Court to proceed. So in the case before us, the defendants having failed *to enter up their judgment of non-pros, at the regular time prescribed, the clerk could not sign the judgment and execution, but they were compelled to apply to the Court for leave. This has been the uniform practice of our Courts, and all that is necessary to be ascertained by the Court, is that these costs have not been paid.
I am, therefore, in favor of the motion.
Gbimke, Nora and Johnson, JJ., concurred.

 2 Strob. 430.

 2 Stat. 493.

 2 Stat. 513.

 Ante¡ 8.